See, also, D.C., 230 F.Supp. 581.

**CAROLINA & NORTHWESTERN RAIL-WAY COMPANY, Atlantic & East Carolina Railway Company, State University Railroad Company and Southern Railway Company, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant,**

**Interstate Commerce Commission and Louisville & Nashville Railroad Company, Intervenor-Defendants.**

**Civ. No. 2219.**

United States District Court
W. D. North Carolina.

Sept. 28, 1964.

W. Graham Claytor, Jr., Henry J. Karison, Hugh B. Cox, William H. Allen, Washington, D. C., W. T. Joyner, Raleigh, N. C., and George H. Ward, Asheville, N. C., for plaintiffs.

William H. Orrick, Jr., Asst. Atty. Gen., Washington, D. C., John H. D. Wigger, Attorney, Department of Justice, Washington, D. C., and William T. Medford, U. S. Atty., Asheville, N. C., for defendant.

Robert W. Ginnane, General Counsel, and Arthur J. Cerra, Assistant General Counsel, I.C.C., Washington, D. C., for intervenor-defendant Interstate Commerce Commission.

W. L. Grubbs, R. Wray Henriott, James W. Hoeland, E. R. Leigh, and Joseph L. Lenihan, Louisville, Ky., and Thomas Ashe Lockhart, Charlotte, N. C., for intervenor-defendant Louisville & Nashville R. Co.

Before BELL, Circuit Judge, and WARLICK and CRAVEN, District Judges.

PER CURIAM.

This is a proceeding brought by Southern Railway[1] to restrain and set aside an order of the Interstate Commerce Commission and has been heard and considered by a district court of three judges, as provided by Section 2325 and Section 2284, Title 28 United States Code.

The order[2] sought to be enjoined and vacated found that the existing divisions (between Southern and Louisville & Nashville Railroad Company) of joint rail rates on bituminous coal from mines on the lines of L. & N. to delivery points on the lines of Southern and its subsidiaries are, and for the future will be, unjust, unreasonable, and inequitable in violation of Sections 1(4) and 15(6) of the Interstate Commerce Act, 49 U.S.C.A. §§ 1(4) and 15(6), and prescribed what the Commission considered a fairer division.

Section 15(6) of the Act specifies that whenever the Commission finds that the divisions of joint rates "are or will be unjust, unreasonable, inequitable, or unduly preferential or prejudicial as between the carriers parties thereto * * * (it) shall * * * prescribe the just, reasonable, and equitable divisions thereof to be received by the several carriers * * *." In prescribing divisions, the Commission is obligated to give due consideration, "among other things", to the following factors:

(1) "(T)o the efficiency with which the carriers concerned are operated,"

(2) "the amount of revenue required to pay their respective operating expenses, taxes, and a fair return on their railway property held for and used in the service of transportation,"

(3) "the importance to the public of the transportation services of such carriers,"

(4) "and also whether any particular participating carrier is an originating, intermediate, or delivering line, and"

(5) "any other fact or circumstance which would ordinarily, without regard to the mileage haul, entitle one carrier to a greater or less proportion than another carrier of the joint rate, fare, or charge."

Cost of service is one of the elements to be considered by the Commission in its determination of fair and just divisions. Akron, Canton & Youngstown Ry. Co. v. U. S., 261 U.S. 184, 195, 43 S.Ct. 270, 67 L.Ed. 605 (1923).

The Commission did not ignore the criteria set out in the foregoing statute, but, instead, carefully considered all of the requisite factors. It determined that the carriers were equally efficient and their respective services of equal importance to the public. It noted that neither carrier was a weak line or in financial distress. It noted that L. & N. was the

---

1. The other plaintiffs are subsidiaries of Southern.

2. Docket No. 32784, Louisville & Nashville Railroad Co. v. Southern Railway Co., et al., 319 I.C.C. 639.

originating carrier and Southern (and its subsidiaries) the delivering line. After considering all of the statutory factors and others within the catch-all provision of Section 15(6),[3] except the relative costs, and concluding that they were of equal weight as among the parties with respect to the question at issue here, the Commission gave primary weight to the relative costs of the carriers.

 "The weight to be given to any of the factors enumerated in the statute must necessarily depend upon the case under consideration, and the evaluation of the importance of the various factors is peculiarly within the purview of the Commission." Boston & M. R. v. United States, 208 F.Supp. 661 (D.Mass.1962), aff'd 371 U.S. 261, 83 S.Ct. 117, 9 L.Ed.2d 95 (1962).

Having determined comparative costs to be a factor of especial importance, the Commission then carefully considered all of the evidence relating to costs, determined the fully distributed costs of each carrier, and adjusted the division of rates accordingly. The ultimate facts found are supported by substantial evidence.

To be sure, cost accounting is not an exact science. "The appraisal of cost figures is itself a task for experts * * *." New York v. United States, 331 U.S. 284 at 328, 67 S.Ct. 1207, at 1231, 91 L.Ed. 1492 (1947). But we do not perceive it was inexpertly done, nor have we the power to substitute our fact appraisal for that of the Commission. Administrative Procedure Act, 5 U.S. C.A. § 1009(e); Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1950); Carolina Scenic Coach Lines v. United States, 56 F.Supp. 801, 804 (W.D.N.C.1944), aff'd 323 U.S. 678, 65 S.Ct. 277, 89 L.Ed. 550 (1944); United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 536, 66 S.Ct. 687, 90 L.Ed. 821 (1946).

3. "(A)ny other fact or circumstance which would ordinarily, without regard to the mileage haul, entitle one carrier to a

With much ingenuity, counsel for Southern has attempted to find questions of law where there are none. The Commission has acted neither capriciously nor arbitrarily, nor has it misinterpreted or misapplied the law.

Counsel may present an appropriate judgment in accordance with this opinion.